UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------- X
                                                   :
MICHAEL KELLY,                                     :          **FIRST AMENDED COMPLAINT**
                                                   :
                        Plaintiff,                 :
                                                   :          JURY TRIAL DEMANDED
           -against-                               :
                                                   :          **1:15-cv-00330-KAM-RER**
POLICE OFFICER EFRAIN MORALES                      :
AND POLICE OFFICER MOHAMMED                        :
ISLAM,                                             :
                                                   :
                        Defendants.                :
--------------------------------------------------- X

Plaintiff, MICHAEL KELLY, by and through his attorneys, DEVERNA LAW,

complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the Plaintiff seeks relief for the

defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C.

§§ 1981, 1983, and 1985; by the United States Constitution, including its Fourth,

Fifth, Sixth, Eighth, and Fourteenth Amendments, and by the laws and Constitution

of the State of New York.

2.      The claims arise from a July 13, 2013 incident in which officers of the New

York City Police Department ("NYPD"), acting under color of state law, intentionally

and willfully subjected Plaintiff to, *inter alia*, Deprivation of Federal Civil Rights

under the United States Constitution and 42 U.S.C. §§ 1981 and 1983; Deprivation

of Federal Civil Rights under 42 U.S.C. § 1985; False Arrest and Unlawful

Imprisonment; Falsification of Evidence under 42 U.S.C. § 1983; Violation of the Equal Protection Clause under 42 U.S.C. § 1983; and Excessive Use of Force.

3.     The Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, as well as an award of attorney's fees and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4.     Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

5.     The Plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6.     Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## JURY DEMAND

7.     Plaintiff demands a trial by jury in this action.

## PARTIES

8.     Plaintiff MICHAEL KELLY is forty three years old, and at all times hereinafter mentioned was and still is a resident of the State of New York and the County of Kings.  He is an African American male.

9.      Defendant officers EFRAIN MORALES and MOHAMMED ISLAM, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the City of New York and/or the New York City Police Department, a municipal agency of the City of New York.

10.     Defendant officers Morales and Islam, are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

11.     Defendant officers Morales and Islam are sued in their individual and official capacities.

**STATEMENT OF FACTS**

12.     On Saturday, July 13, 2013, at approximately 11:20AM, Defendant Morales and Defendant Islam, of the New York City Police Department, were working in the vicinity of 270 Wortman Avenue, Kings County.

13.     At approximately the same time, Plaintiff and two other individuals, "T.S." and "J.C.", were lawfully present on the fourth Floor Terrace of 270 Wortman Ave.

14.     The Fourth Floor terrace of 270 Wortman Ave. is a fenced-in, open-air terrace that is accessible by an entryway on one side.

15.     While Plaintiff and the two others were lawfully present on the terrace during daylight hours, Defendant Morales entered through the terrace's entryway,

approached the three individuals with his gun drawn, and pointed it at Plaintiff with his finger on the trigger.  Based on information and belief, the loaded firearm was immediately capable of firing and had no "safety".

16.    Plaintiff, who was in fear for his life raised his arms in a surrender position as Defendant Morales who continued pointing his weapon at Plaintiff, and who stood directly in front of Plaintiff, and in between the others, began interrogating them: demanding *why* they were on the terrace, to which Defendant Morales was given information that demonstrated they were lawfully present on the terrace.

17.    Defendant Morales then handcuffed Plaintiff, closing the cuffs far tighter than necessary to secure Plaintiff's wrists.

18.    Defendant Morales then put his hands upon Plaintiff and searched Plaintiff's pockets, exposing his personal effects, which were non-contraband, to public view.

19.    Approximately 15 minutes later, Defendant Islam came to the terrace, displayed an object to Defendant Morales who then arrested Plaintiff not withstanding Plaintiff's repeated expression that he had done nothing wrong.

20.    Plaintiff was then transported to Police Service Area 2 (PSA2).

21.    Defendants failed to secure Plaintiff using a passenger safety device (seatbelt) while transporting Plaintiff to PSA2.

22.    Defendants intentionally drove to PSA2 in an unnecessarily aggressive manner.

23.    Because Plaintiff was handcuffed and unable to brace himself, Defendants intentionally aggressive driving caused Plaintiff to suffer injuries to his head, neck, body, and limbs.

24.     Plaintiff was detained at PSA2 for approximately eight hours before being issued a Desk Appearance Ticket (DAT) and released.

25.     Plaintiff was arraigned in Kings County Criminal Court on August 15, 2014, under docket number 2013KN059716, and charged with PL §221.10 (Criminal Possession of Marihuana in the Fifth Degree, a Class "B" misdemeanor, and PL §221.05 (Unlawful Possession of Marihuana), a Violation.  Plaintiff entered a plea of not guilty, and the case was adjourned.

26.     Plaintiff returned to Court five times, on November 7, 2013, November 22, 2013, November 27, 2013, March 6, 2014; and April 29, 2014.

27.     The underlying criminal case was resolved in favor of the Plaintiff in that on April 29, 2014 the Court moved to Adjourn the case in Contemplation of Dismissal, under CPL § 170.55.

## **GENERAL ALLEGATIONS**

28.     The individual defendant officers acted in concert in committing the above-described acts against Plaintiff.

29.     Plaintiff was not in possession of marihuana or any other contraband at the time he was arrested.

30.     Plaintiff did not resist arrest at any time during the above-described incidents.

31.     At all times during the events described, the defendant officers were engaged in a joint venture.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.  Each

failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

32.     The individual defendant officers acted under pretense and color of state law in their individual and official capacities and within the scope of their employment.  Said acts by said defendant officers were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

33.     Upon information and belief, there exists an official NYPD policy requiring that a supervising officer approve arrests made by non-supervisory officers.

34.     Upon information and belief, there exists an official NYPD policy requiring that arrest paperwork (and/or paperwork generated in connection with the arrest of a person) be signed and/or otherwise approved by a supervising officer.

35.     During all of the events described, defendant officers acted maliciously and with intent to injure Plaintiff.

36.     As a direct and proximate result of defendant officers' actions, Plaintiff experienced personal and physical injury, pain and suffering, loss of liberty, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss, including the following injuries and damages:

    a)  Violation of his right, pursuant to the Fourth Amendment of the United States Constitution, to be free from an unreasonable search and seizure of his person and his home;

b) Violation of his right, pursuant to the Fifth Amendment of the United States Constitution, not to be deprived of his liberty without Due Process of Law.

c) Violation of his right, pursuant to the Sixth Amendment to fair legal process including a fair trial.

d) Violation of his right to Equal Protection Under the Law pursuant to the New York State constitution and the Fourteenth Amendment to the United States Constitution.

e) Violation of his New York State Constitutional rights under Article 1, §12, to be free from an unreasonable search and seizure;

f) Violation of his right to Due Process of Law pursuant to Article 1, §6 of the New York State constitution and the Fourteenth Amendment to the United States Constitution.

g) Physical pain and suffering, including pain to the wrists, arms, limbs, back, head, and neck.

h) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience and anxiety;

i) Loss of liberty.

37. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to Plaintiff's rights.

## FIRST CAUSE OF ACTION
### (Deprivation of Federal Civil Rights under the United States Constitution and 42 U.S.C. §§ 1981 and 1983)

38.     The preceding paragraphs are here incorporated by reference.

39.     By their conduct and actions in unlawfully detaining, imprisoning, and failing to intercede on behalf of Plaintiff and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of defendant officers Morales and Islam, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the Plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

40.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered physical pain, emotional distress, great anxiety and humiliation, fear and damage to his reputation, and was otherwise damaged and injured.

## SECOND CAUSE OF ACTION
### (Deprivation of Federal Civil Rights under 42 U.S.C. § 1985)

41.     The preceding paragraphs are here incorporated by reference.

42.     In an effort to find fault to use against the Plaintiff, defendant officers Morales and Islam conspired among themselves, and conspired with others to deprive Plaintiff of his Constitutional rights under 42 U.S.C. §1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and took numerous overt steps in furtherance of such conspiracy, as set forth above.

8

43.     Thus defendant officers engaged in a conspiracy designed to deprive Plaintiff of his constitutional and federal rights in violation of U.S.C. §1985.

44.     As a direct and proximate result of the abuse of authority detailed above, Plaintiff sustained the damages stated.

### THIRD CAUSE OF ACTION
**(False Arrest and Unlawful Imprisonment under Federal Law)**

45.     The preceding paragraphs are here incorporated by reference.

46.     Defendant officers Morales and Islam subjected Plaintiff to false arrest, false imprisonment, deprivation of liberty without probable cause.

47.     Defendant officers Morales and Islam have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

48.     As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged, as alleged above.

### FOURTH CAUSE OF ACTION
**(Falsification of Evidence under Federal Law)**

49.     The preceding paragraphs are here incorporated by reference.

50.     Defendant officers Morales and Islam are liable to Plaintiff because they intentionally conspired to fabricate evidence against Plaintiff, depriving Plaintiff of liberty without due process of law.

51.     Furthermore, the defendant officers violated the law by making false statements by drafting and/or signing sworn criminal court complaints and false police reports.

52.     Furthermore, the individual defendant officers violated the law by manipulating evidence to attempt to obtain a prosecution and unjust conviction, while performing the function of investigators.

53.     The individual defendant officers were on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use false evidence at trial to obtain a conviction act unconstitutionally and that this is redressable in an action for damages under 42 U.S.C. § 1983.

54.     The individual defendant officers Morales and Islam are also liable to Plaintiff because they intentionally created false information likely to influence a fact finder's or jury's decision by, inter alia, forwarding false information to prosecutors, drafting and signing sworn criminal court complaints and police reports, omitting and/or manipulating evidence, fabricating testimony and evidence, suppressing and concealing exculpatory material and evidence, and forwarding and presenting false information to a court thereby violating Plaintiff's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

55.     As a direct and proximate result of the abuse of authority detailed above, Plaintiff sustained the damages stated.

## FIFTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under Federal Law)

56.     The preceding paragraphs are here incorporated by reference.

57.     Defendant officers Morales and Islam unlawfully stopped, detained, arrested, and prosecuted Plaintiff because of the Plaintiff's national origin, and/or

race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

58.     As a result of the foregoing, Plaintiff was deprived of his rights under the Equal Protection Clause of the United States Constitution.

59.     As a direct and proximate result of the abuse of authority detailed above, pl Plaintiff sustained the damages stated.

**SIXTH CAUSE OF ACTION**
**(Excessive Use of Force under Federal Law)**

60.     The preceding paragraphs are here incorporated by reference.

61.     Defendant officers Morales and Islam subjected Plaintiff to force that was disproportionate, unnecessary, and in violation of Plaintiff's civil, constitutional and statutory rights under 42 U.S.C. §§ 1983 and 1985 and the Constitution of the United States and the State of New York.

62.     As a result of Defendant officers Morales and Islam excessive use of force against Plaintiff, Plaintiff was damaged, as alleged above.

**PRAYER FOR RELIEF**

        WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's Causes of Action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury for each of Plaintiff's Causes of Action;

c) Awarding Plaintiff attorney's fees, costs and disbursements of this action;

and

d) Granting such other and further relief as this Court deems just and proper.

Dated:  Brooklyn, New York
         June 29, 2015

Respectfully submitted,

**JOHN PAUL DEVERNA**
Counsel for the Plaintiff

By: John Paul DeVerna (JD4332)
DeVerna Law
305 Broadway, 14th Floor
New York, NY 10007
(212) 321-0025 (office)
(212) 321-0024 (fax)

CC:   Matthew Bridge
      Assistant Corporation Counsel
      Special Federal Litigation Division
      100 Church Street, Room 3-176
      New York, NY 10007
      (212) 356-2347